# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LARRY COFFMAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:07CV800 SNL |
| | ) |
| ALAN BLAKE, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of Larry Coffman for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Additionally, the Court has reviewed the complaint and will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim upon which relief can be granted and is frivolous.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from

such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief can be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The Complaint**

Coffman, a civilly committed resident at the Missouri Sexual Offender Treatment Center, has filed this action under 42 U.S.C. § 1983. Coffman claims that the probate court erred when it denied his petition for discharge as frivolous under Mo. Rev. Stat. § 632.504. Coffman seeks an order reversing the probate court's decision and remanding this matter to the probate court for a trial pursuant to Mo. Rev. Stat. § 632.492. Coffman also seeks to recover $3.8 million for actual and punitive damages.

Coffman argues that the probate court erred because it considered the fact that he suffers from a mental abnormality as defined under the Sexually Violent Predator

Act (the "Act") but did not consider his physical condition, which Coffman states has deteriorated such that he is no longer capable of engaging in sexually violent acts. (Coffman claims that he is confined to a wheelchair and that he needs supplementary oxygen at all times.) In making this argument, Coffman relies on a case from the State of Washington, In re Detention of Elmore v. State, 139 P.3d 1140 (Wash Ct. App. 2006). In Elmore, the court cited Washington's Sexually Violent Predator Act, which contains a provision that states:

> A new trial proceeding . . . may be ordered, or held, only when there is current evidence from a licensed professional of one of the following and the evidence presents a change in condition since the person's last commitment trial proceeding:
>
>> (i) An identified physiological change to the person, such as paralysis, stroke, or dementia, that renders the committed person unable to commit a sexually violent act and this change is permanent . . .

Elmore, 139 P.3d at 1145 (citing Wash. Rev. Code § 71.09.090(4)(b)). Coffman believes that this rule should apply to him and that he should be released from the Missouri Sexual Offender Treatment Center.

## Discussion

The complaint is frivolous because the Court does not have subject matter jurisdiction to review the probate court's decision; the United States Supreme Court

has sole jurisdiction to hear appeals from state court decisions. District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 486 (1983).

Additionally, Coffman's reliance on Elmore is misplaced. The Act does not contain a provision providing for the release of sexually violent predators (SVPs) based on poor physical condition. Under the Act, an SVP may be released only if he "no longer suffers from a mental abnormality that makes [him] likely to engage in acts of sexual violence if released." Mo. Rev. Stat. § 632.498. A "'[m]ental abnormality,' [is] a congenital or acquired condition affecting the emotional or volitional capacity which predisposes the person to commit sexually violent offenses in a degree constituting such person a menace to the health and safety of others . . ." Mo. Rev. Stat. § 632.480.

Coffman does not argue that he no longer suffers from a mental abnormality as defined under § 632.480. Consequently, his allegations are insufficient to show that he is eligible for release under the Act. In addition, the Act's definition of "mental abnormality" is substantially similar to Kan. Stat. Ann. § 59-29a02, which the United States Supreme Court found to meet the due process requirements of the Constitution. Kansas v. Hendricks, 521 U.S. 346, 356 (1997).

For these reasons, the Court finds that the complaint fails to state a claim upon which relief can be granted and is frivolous under 28 U.S.C. § 1915(e)(2)(B) and should be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because the complaint fails to state a claim upon which relief can be granted and is frivolous under 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #3] is **DENIED** as moot.

An appropriate order of dismissal shall accompany this Memorandum and Order.

Dated this 1st day of May, 2007.

*/s/ Stephen N. Limbaugh*
_____
SENIOR UNITED STATES DISTRICT JUDGE